CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 15 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC J. DEPAOLA, | ) | Civil Action No. 7:12-cv-00139 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| TRACY RAY, et al. | ) | |
| Defendants. | ) | By: Samuel G. Wilson<br>United States District Judge |

Eric DePaola, a maximum-security inmate at Red Onion State Prison ("ROSP"), has filed a complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, naming thirteen defendants and alleging violations of RLUIPA and the First, Fourth, Eighth, and Fourteenth Amendments. He seeks injunctive relief to stop strip searches, correct allegedly unlawful prison conditions, force the Virginia Department of Corrections to perform psychological evaluations on inmates, release him from segregation, transfer him from ROSP, provide closed-captioned Islamic videos on prison televisions, coordinate with the county court to ensure shorter wait times for prisoner hearings, and allow segregated prisoners the same privileges as non-segregated inmates. In addition, he seeks a total of $326,000 in damages from various defendants. The court grants DePaola in forma pauperis status and will dismiss the claims against James Wade sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B). The matter will proceed on DePaola's remaining claims.

I.

In Count I, DePaola complains about prison conditions—particularly those related to his placement in a super segregation pod—that allegedly violated his Fourth, Eighth, and Fourteenth Amendment rights. In Count II, DePaola claims violations of RLUIPA and his free exercise

rights because he was allegedly "unable to meaningfully watch" the Friday Jumu'ah service broadcast for the two and one-half months he was in a super-segregation pod. In Count III, DePaola brings claims under § 1983 and RLUIPA because of conditions he allegedly endured while taking a trip to the Wise County court house.

Among the other claims in Count III, DePaola alleges that he did not receive a juice-box in his bagged lunch, and he seeks to hold ROSP's food-service director, James Wade, liable for that oversight pursuant to the Eighth Amendment prohibition on cruel and unusual punishment. Even assuming Wade were directly responsible for failing to put a juice-box in DePaola's lunch, the claim is wholly frivolous. Omitting a juice-box from a bagged lunch does not even remotely resemble an Eighth Amendment violation, and the court will dismiss Wade as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.

For the reasons stated, the court will dismiss the complaint against Wade without prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous. This matter will proceed with respect to the remainder of the defendants. The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: June 15, 2012.

UNITED STATES DISTRICT JUDGE