# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ERIC J. DEPAOLA, #1145137,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  **REPORT AND**<br>)  **RECOMMENDATION** |
| TRACY RAY, *et al.*,<br>    Defendants. | )<br>)  Civil Action No. 7:12cv000139<br>)<br>)  By: Pamela Meade Sargent<br>)  United States Magistrate Judge<br>) |

The pro se plaintiff, Eric J. DePaola, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Red Onion State Prison, ("ROSP"). This case is before the court on the Motion For Summary Judgment of the defendants[1] Tracy Ray, Richard Rowlette, Major K. McCoy, Delmer Tate, Lieutenant Gilbert, John Garman, VDOC, Sergeant Collins, Sergeant Hartsock, Corrections Officer Phipps, Corrections Officer Wood and Corrections Officer Davis, (Docket Item No. 42) ("Motion"). The plaintiff's deadline to respond to the Motion passed on October 15, 2013, with the plaintiff filing no response. None of the parties have requested a hearing. The motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

---

[1] By Order entered June 15, 2012, the court dismissed James Wade as a defendant in this matter. (Docket Item No. 4.)

## I. Factual Background

DePaola brought this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* By Order entered August 16, 2013, the court granted summary judgment in the defendants' favor on all of DePaola's claims except his claim for injunctive relief with regard to the lack of sound or closed-captioning on the Friday Muslim *Jumu'ah* broadcast on the prison pod television.

In support of the Motion, defendants have filed the Affidavit of R. Mathena, Chief Warden of ROSP, (Docket Item No. 43-1) ("Mathena Affidavit"). The Mathena Affidavit states that DePaola currently is housed in the D-6 pod at ROSP. In this pod, DePaola has access to a personal television in his cell, on which he may watch and listen to the weekly *Jumu'ah* broadcast. DePaola has filed no evidence to contest that contained in the Mathena Affidavit.

## II. Analysis

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *See Ross v. Commc'ns Satellite Corp*, 759 F.2d 355, 364 (4th Cir. 1985). However, the court does not need to treat the Complaint's legal conclusions as true. *See, e.g., Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (stating a court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law" or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.,* 14 F.3d 213, 217-18 (4th Cir. 1994).

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original).

When a motion for summary judgment is made and properly supported by affidavits, depositions or answers to interrogatories, the adverse party may not rest on mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. *See* FED. R. CIV. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party. A prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings to withstand a motion for summary judgment supported by affidavits containing a conflicting version of the facts. *See Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

Furthermore, "[t]he law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party

seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

In this case, I find that there is no genuine issue of material fact. The undisputed fact is that DePaola currently is housed in a cell in which he has access to a personal television on which to view and listen to the weekly *Jumu'ah* service. That being the case, DePaola's claim for injunctive relief is moot, *see Incumaa v. Ozmint,* 507 F.3d 281 (4th Cir. 2007), and the court should enter summary judgment in the defendants' favor on that claim.

### *PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*

As supplemented by the above summary and analysis, the undersigned now submits the following findings, conclusions and recommendations:

1. There are no genuine issues of material fact as to DePaola's claim for injunctive relief with regard to the lack of sound or closed-captioning on the *Jumu'ah* services broadcasts on the B-3 pod television;
2. DePaola's claim for injunctive relief with regard to the lack of sound or closed-captioning on the *Jumu'ah* services broadcasts on the B-3 pod television is moot; and
3. The court should grant summary judgment in the defendants' favor on DePaola's claim for injunctive relief with regard to the lack of sound or closed-captioning on the *Jumu'ah* services broadcasts on the B-3 pod television.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record and all unrepresented parties at this time.

ENTERED: October 24, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE